The bill is filed for the construction of the will of Mary Esther Frailey, who died December 30th, 1932, and whose will is dated August 2d 1932, and admitted to probate by the surrogate of Camden county on March 11th, 1933. The part of the will which calls for construction relates to the question of whether the Camden Safe Deposit and Trust Company is sole trustee, or co-trustee with Howard Douglas Campbell, to administer the trust set up in paragraph three of the will. Under this paragraph the residuary estate is given to the trust company, its successors and assigns, in trust for the purposes set forth in said paragraph, with full power to administer the same as directed therein. Under the last paragraph of the will, testatrix appoints the Trust Company, its successors and assigns, and testatrix' brother-in-law, Howard Douglas Campbell, and the survivor of them, executors and trustees under the will. Letters testamentary were granted to these two executors who have proceeded to administer the estate and file an account.
By said third paragraph the residuary estate is vested in the Trust Company as trustee and I have concluded that the Trust Company is the sole trustee; the language of the last paragraph of the will appointing the Trust Company and Campbell as executors and trustees, does not warrant a construction that Campbell becomes co-trustee with the Trust Company, of the residuary estate. The testatrix, in the first paragraph of the will, directed her "executor hereinafter named" to pay just debts, c., and while she named two executors by the last paragraph, she did not, by any language in the third paragraph creating the trust and vesting title to the trust property in a trustee specifically named, leave the way open to introduce an additional trustee to the legal title to the trust funds, nor refer in any way to a trustee to be thereinafter named; therefore the only powers given Campbell are those of a co-executor.
In the English case of Sidebotham v. Watson, 11 Hare 170; 45Eng. Ch. 170; 68 Reprint 1234, a similar situation arose under a will. There the testator devised property to *Page 307 
trustees under particular trusts and later on in the will designated an additional person as trustee. The court said, in disposing of that question, "with regard to the last question, on the trusteeship, the gift of the property is made to the two trustees, Sidebotham and Royle, and the gift is very distinctly carried out by vesting the powers in them and the survivor. The subsequent appointment of the wife as executrix and trustee of the will does not introduce her as a trustee of the specific trusts previously imposed on the two trustees whom the testator had nominated. The wife has only those powers and trusts which ordinarily attach to the office of executrix."
The Camden Safe Deposit and Trust Company will be decreed to be the sole trustee of the residuary estate under the terms of the will. *Page 308